# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| Yeti Coolers, LLC, | Case No. |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| RTIC Coolers, LLC, | (1) TRADE DRESS AND TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a); |
| **Defendant.** | (2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a); |
| | (3) FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a); |
| | (4) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c); |
| | (5) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1); |
| | (6) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271; |
| | (7) TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103; |
| | (8) COMMON LAW TRADE DRESS AND TRADEMARK INFRINGEMENT; |
| | (9) COMMON LAW UNFAIR COMPETITION; |
| | (10) COMMON LAW MISAPPROPRIATION; AND |
| | (11) UNJUST ENRICHMENT. |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Yeti Coolers, LLC ("YETI"), for its complaint against Defendant, RTIC Coolers, LLC ("RTIC"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 2000, Austin, TX 78735.

2.      On information and belief, RTIC is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 20220 Hempstead Road, Suite 22, Houston, TX, 77065.

### Jurisdiction and Venue

3.      This is an action for trade dress and trademark infringement, unfair competition and false designation of origin, false advertising, trade dress dilution, patent infringement, misappropriation, and unjust enrichment.  This action arises under the Trademark Act (also referred to as the Lanham Act), 15 U.S.C. § 1051, *et seq*.; the Patent Act, 35 U.S.C. § 1, *et seq*.; the Texas Business & Commerce Code; and federal and state common law, including the law of the State of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over RTIC because, *inter alia*, RTIC is incorporated in the State of Texas, RTIC has its principal place of business in the State of Texas, and RTIC has done and is doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, RTIC has advertised, offered for sale, and sold,

and continues to advertise and offer for sale, infringing products to customers and potential customers, and on information and belief, RTIC's tortious acts giving rise to this lawsuit are occurring in the State of Texas, including in this District, and RTIC's customers and potential customers reside in the State of Texas, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) & (c).

**YETI's Business and Intellectual Property**

7.      For almost ten years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty coolers. YETI created unique, distinctive, and non-functional designs to use with YETI's coolers. YETI has extensively and continuously promoted and used these designs for years in the United States. Through that extensive and continuous use, YETI's designs have become a well-known indicator of the origin and quality of YETI's cooler products. YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous. As discussed in more detail below, YETI owns trademark and trade dress rights relating to the source-identifying features of its cooler designs. YETI also owns United States patents related to its coolers.

8.      In about 2008, YETI introduced its "Roadie®" and "Tundra®" coolers into the marketplace.

9.      As a result of YETI's considerable investments and efforts, the Roadie® and Tundra® coolers are designed and built to provide extreme insulating capabilities and exceptional durability. YETI has invested substantial resources in the design, development, manufacture, and marketing of its coolers.

10.      YETI has sold more than 400,000 Roadie® and more than 1,000,000 Tundra® coolers throughout the United States, including sales to customers in the State of Texas. YETI

has expended significant resources advertising and marketing its Roadie® and Tundra® coolers. The design and features of YETI's Roadie® and Tundra® coolers have received widespread and unsolicited public attention. For example, the Roadie® and Tundra® coolers have been featured in numerous newspaper, magazine, and Internet articles directed to outdoor enthusiasts.

11.     Because of YETI's use and promotion of the trademarks "YETI," "ROADIE," and "TUNDRA" throughout the United States in connection with cooler products, consumers have come to associate "YETI," "ROADIE," and "TUNDRA" as a source identifier of YETI, and YETI owns trademark rights in these marks.

12.     YETI also owns several trademark registrations, including Trademark Registration No. 3,203,869 ("the '869 registration") for "YETI" for portable coolers and Trademark Registration No. 4,083,932 ("the '932 registration") for "ROADIE" for portable coolers. A copy of the '869 registration is attached as Exhibit 1, and a copy of the '932 registration is attached as Exhibit 2.[1]

13.     The designs of the Roadie® and Tundra® coolers have distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI. Illustrations 1 and 2 below shows exemplary YETI Roadie® and Tundra® coolers.

---

[1] YETI also owns Trademark Registration No. 4,083,930 for "TUNDRA" for portable coolers.

**Illustration 1:  Exemplary Image of a YETI Roadie® Cooler.**





**Illustration 2:  Exemplary Images of a YETI Tundra® 35 Cooler and a YETI Tundra® 65 Cooler.**

**YETI Tundra® 35 Cooler**

**YETI Tundra® 65 Cooler**

14.     As a result of at least YETI's continuous and exclusive use of the designs of the Roadie® and Tundra® coolers for more than seven years, YETI's marketing, advertising, and

sales of the coolers, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Roadie® and Tundra® coolers, which consumers have come to uniquely associate with YETI.

15.    YETI's trade dress rights in the designs and appearances of the Roadie® and Tundra® coolers include, but are not limited to: (1) the style line on the front of the cooler; (2) the style line on the back of the cooler; (3) the style line on each side of the cooler; (4) the "duck-bill" tapered front corners of the cooler; (5) the inverted style line above the nameplate and below the lid; (6) the ledge around the perimeter of the cooler; (7) the front, side, and rear design of the feet of the cooler; (8) the placement and design of the slots on the front, and rear of the cooler; (9) the placement of the name plate on the front between the two front style lines; (10) the design of the name plate and name plate lettering; (11) the ornamental appearance of the latches; (12) the shape and appearance of the cooler handle(s); and (13) the color contrast, color combinations, and shapes of features of the cooler, whether these elements are alone or in any combination with each other, including the overall look and appearance of the Roadie® and Tundra® coolers.

16.    In addition to its trademark and trade dress rights, YETI also owns United States patents related to its coolers, including U.S. Patent No 8,910,819 ("the '819 patent").  The '819 patent is entitled "Insulating Container and Latching Mechanism."  On December 16, 2014, the '819 patent was duly and legally issued by the U.S. Patent Office to Roy Joseph Seiders, who assigned to YETI the entire right, title, and interest to the '819 patent, including all rights to recover for all infringements thereof.  A copy of the '819 patent is attached as Exhibit 3.

## RTIC's Unfair and Unlawful Actions

17.     RTIC has advertised, offered for sale, and sold, and continues to advertise and offer for sale, coolers that infringe on YETI's rights, including the rights protected by YETI's intellectual property.   On information and belief, RTIC is also making such coolers and/or importing such coolers into the United States.   RTIC's actions have all been without the authorization of YETI.

18.     RTIC currently advertises and offers for sale at least three infringing cooler products, namely the RTIC 20, RTIC 45, and RTIC 65.  A screen shot from RTIC's web site that shows these three infringing products is set forth below as Illustration 3.  RTIC's web site is www.rticcoolers.com.  A printout of this web site is attached as Exhibit 4.

**Illustration 3: Screen Shot from RTIC's Web Site.**



      19.    Customers can currently order the infringing RTIC 20, RTIC 45, and RTIC 65 cooler products from RTIC, at least through its web site, and the coolers will ship to customers next month (in August). When ordered through RTIC's web site, a customer can choose the specific cooler (RTIC 20, RTIC 45, and RTIC 65), the quantity (between 1 and 10 coolers), and the color (white, tan, blue, green, pink, and brown). A screen shot from RTIC's web site that shows how a customer can order a cooler is set forth below as Illustration 4. In this particular example, the customer would be ordering one RTIC 20 cooler in white.

| Illustration 4:  Screen Shot from RTIC's Web Site. |
| --- |



20.     RTIC's web site repeatedly compares its coolers to YETI's coolers.  A screen shot from RTIC's web site that shows an example of these comparisons is set forth below in Illustration 5.



**Illustration 5: Screen Shot from RTIC's Web Site.**

21.     RTIC has not been shy about unlawfully copying YETI's coolers. For example, RTIC stated in a June 22, 2015 Facebook post that it is "able to offer high quality coolers ***that have all of the features of the YETI® Coolers*** plus more." (Ex. 5, p. 85) (emphasis added).

22.     The infringing products on RTIC's web site are not the first infringements by RTIC of YETI's intellectual property rights. In 2014, YETI discovered that RTIC was using the web site www.rticcoolers.net to, *inter alia*, advertise, offer for sale, and sell infringing products,

including the RTIC 20 and the RTIC 45 cooler products. Printouts from this web site are attached as Exhibits 6-8.

23.     At least through this prior web site, RTIC was using altered images of YETI's coolers and passing them off as RTIC's coolers. For example, RTIC took digital images of YETI's coolers, removed the "YETI" trademark from the images, replaced that trademark with the RTIC name, and then used these altered images to, *inter alia*, advertise, offer for sale, and sell RTIC coolers. Examples of RTIC putting its name on YETI's coolers is shown in Illustration 6 below, and these images are from Exhibits 6 and 7.

**Illustration 6:  Screen Shots from a Prior RTIC Web Site.**





24.     RTIC also used YETI's trademarks in, *inter alia*, advertising, offering to sell, and selling RTIC's coolers.  For example, as seen at the top of the printouts of RTIC's web site that are attached as Exhibits 6-8, RTIC used "YETI" and "ROADIE" to describe its web pages.

25.     In transitioning from its old web site to its new web site, RTIC further disregarded YETI's rights and continued to unlawfully copy YETI's coolers.  A screen shot from September 2014 of RTIC's web site is set forth below as Illustration 7.

**Illustration 7:  Screen Shot from RTIC's Web Site in September 2014.**



26.     RTIC used a third-party, 99designs, to assist in designing at least the banner advertisement for its new web site.

27.     John Jacobsen, who, *inter alia*, registered the new web site ([www.rticcoolers.com)](www.rticcoolers.com), and who is a Manager at RTIC, described the project for designing the banner advertisement for RTIC's new web site on 99designs' web site.  Attached as Exhibit 9 is a printout from 99designs' web site that includes comments from John Jacobsen.  He states that the banner advertisement "should look more like the yeticooler.com design," and that he wanted the picture of the cooler "to look natural and not photo shopped."  On information and belief, the coolers that are shown in the multiple banner advertisements in Exhibit 9, including the "winning design," are digital images of YETI's coolers where the "YETI" trademark was removed from the images and was replaced with the RTIC name.

28.     As a result of RTIC's unlawful activities, counsel for YETI sent a letter to RTIC dated September 5, 2014 that, *inter alia*, informed RTIC of YETI's rights, including its intellectual property rights, notified RTIC that RTIC was infringing on YETI's rights, and demanded that RTIC stop infringing.

29.     On September 16, 2014, Jim Jacobsen, another Manager of RTIC, responded to YETI's letter and stated:

> - We have not manufactured any RTIC coolers as of the date of this letter;
> - We have not sold and shipped RTIC coolers as of the date of this letter; and
> - Rtic Cooler websites were taken offline prior to receipt of your letter.

(Ex. 10).

30.     On September 19, 2014, counsel for YETI and RTIC, along with John and Jim Jacobsen, spoke about RTIC's various infringements.  During the call, John and Jim Jacobsen

again represented that RTIC was not selling the coolers identified in YETI's letter and that no such coolers had been manufactured.

31.     RTIC's representations were, however, directly contradicted by the information that RTIC was providing to consumers and potential consumers.  For example, RTIC's web site at the time stated "Free Shipping on All Orders," "Delivered 1-2 Days," "No Sales Tax in Most States," "Ships Today if Ordered By 6PM," and included an online order form, a "view cart" option, and a telephone number.  (Exs. 6-8).

32.     RTIC's web site also included at least the following testimonials set forth in Illustration 8 reflecting that RTIC had sold infringing cooler products.  (Exs. 6 and 7).

**Illustration 8:  Testimonials from RTIC's Web Site from July and August 2014.**

**1.  GREAT COOLER AND HALF THE PRICE OF A YETI** ☐☐☐☐☐

THIS RTIC 20 IS VERY MUCH JUST AS GOOD IF NOT BETTER THAN THE YETI ROADIE 20 BUT COST HALF AS MUCH. I SEARCHED THE WEB AND FOUND THIS PRODUCT. I LIKE I WAS ABLE TO ORDER ONLINE AND GET THE PRODUCT THE VERY NEXT DAY. I TOOK IT TO THE SOCCER GAME AND EVERYONE WAS ASKING ABOUT THIS COOLER.
— *STEVEN J.* ON 1ST JUL 2014

**2.  EXCELLENT PRODUCT!** ☐☐☐☐☐

THIS COOLER WAS A DREAM WHEN I TOOK IT CAMPING.
— *DAVE* ON 1ST JUL 2014

**1.  AWESOME COOLER. BETTER PRICE & DELIVERED NEXT DAY TO MY FRONT DOOR!** ☐☐☐☐☐

LOVE IT. HAVE WANTED A YETI FOR YEARS BUT COULD NOT BRING MYSELF TO SPEND THAT MUCH. NOW I FOUND ONE THAT IS BETTER AND I AM SO PLEASED I WAITED. THE ICE LASTED ALL NIGHT AND THE BEER LASTED TWO HOURS!
— *BILL J.* ON 24TH AUG 2014

33.  Subsequently, on October 10, 2014, John Jacobsen wrote a letter to counsel for YETI.  In this October 10 letter, John Jacobsen again represented that RTIC had not sold, shipped, or had made any of the coolers that YETI had identified to RTIC.  John Jacobsen also stated that "[w]e do not intend to infringe on Yeti's protectable intellectual property rights."

34.  Despite RTIC's promises, RTIC is once again advertising and offering to sell coolers, and on information and belief is making coolers and/or importing coolers into the United

States, that infringe on YETI's rights. YETI refers to all of RTIC's infringing coolers as "the Infringing Products."

35. Moreover, as a result of RTIC's unlawful activities, there is already evidence of confusing associations in the marketplace between the Infringing Products and RTIC on the one hand, and YETI's coolers and YETI on the other hand.

36. As discussed in more detail below, RTIC's actions are unfair and unlawful.

## Count I: Trade Dress and Trademark Infringement
## Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

37. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38. Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, on information and belief RTIC making the Infringing Products and/or importing the Infringing Products into the United States, and RTIC using at least YETI's "YETI" and "ROADIE" trademarks in connection with advertising, offering for sale, and selling the Infringing Products, RTIC has infringed and continues to infringe YETI's trade dress and trademarks under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). RTIC's use of YETI's trade dress and/or colorable imitations thereof, and RTIC's use of YETI's trademarks, is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of RTIC with YETI and as to the origin, sponsorship, and/or approval of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, and/or otherwise associated with YETI.

39. YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and

continuously promoted and used YETI's trade dress for years in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before RTIC commenced its use of YETI's trade dress and/or colorable imitations thereof in connection with the Infringing Products.

40.     RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its coolers products.

41.     On information and belief, RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has been intentional, willful, and malicious, as evidenced at least by the similarity of the Infringing Products to YETI's trade dress, by RTIC's direct copying of YETI's trademarks in an effort to sell its own cooler products, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's rights.

42.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least RTIC's profits, YETI's actual damages, enhanced damages, costs, and YETI's reasonable attorney fees under at least 15 U.S.C. §§ § 1125(a), 1116, and 1117.

### Count II: Unfair Competition and False Designation of Origin
### Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

43.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

44.     Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, on information and belief RTIC making the Infringing Products and/or importing the Infringing Products into the United States, and RTIC using at least YETI's "YETI" and "ROADIE" trademarks in connection with advertising, offering for sale, and selling the Infringing Products, RTIC, in direct competition with YETI, has engaged and continues to engage in unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  RTIC has obtained an unfair advantage as compared to YETI through RTIC's use of YETI's trade dress and/or colorable imitations thereof and RTIC's use of YETI's trademarks to falsely designate the origin, affiliation, and/or sponsorship of RTIC and of the Infringing Products.

45.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before RTIC commenced its use of YETI's trade dress and/or colorable imitations thereof in connection with the Infringing Products.

46.     RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its coolers products.

47.     On information and belief, RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has been intentional, willful, and malicious, as evidenced at least by the similarity of the Infringing Products to YETI's trade dress, by RTIC's direct copying of YETI's trademarks in an effort to sell its own cooler products, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's rights.

48.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least RTIC's profits, YETI's actual damages, enhanced damages, costs, and YETI's reasonable attorney fees under at least 15 U.S.C. §§ § 1125(a), 1116, and 1117.

**Count III: False Advertising Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

49.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

50.     Based on the activities described above, including, for example, RTIC advertising and offering for sale the Infringing Products, and making false statements and representations when doing so, including that YETI's cooler products were RTIC's cooler products, that RTIC's cooler products could be ordered in September 2014, and that certain customers (as reflected in at least the customer testimonials) had ordered RTIC's cooler products, RTIC has engaged in false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  RTIC engaged in commercial advertising and promotion and misrepresented at least the nature and characteristics of its goods and commercial activities.

51.     RTIC's actions have caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law,

including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI and its cooler products.

52.     On information and belief, RTIC's false advertising has been intentional, willful, and malicious, as evidenced at least by RTIC representing that YETI's cooler products were RTIC's cooler products and RTIC representing to YETI in September 2014 that it had not made or sold coolers, when its web site had customer testimonials from July and August 2014 reflecting that customers had purchased coolers.

53.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least RTIC's profits, YETI's actual damages, enhanced damages, costs, and YETI's reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count IV: Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

54.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

55.     Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, and on information and belief RTIC making the Infringing Products and/or importing the Infringing Products into the United States, RTIC has diluted and continues to dilute YETI's trade dress under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  RTIC's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's cooler products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

56.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress for years in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous, well-known indicator of the origin and quality of YETI's cooler products throughout the United States and is widely recognized by the general consuming public as a designation of the source of YETI's cooler products. YETI's trade dress also has acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before RTIC commenced its use of YETI's trade dress and/or colorable imitations thereof in connection with the Infringing Products.

57.     RTIC's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its cooler products.

58.     On information and belief, RTIC's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. RTIC's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's rights.

59.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least RTIC's profits, actual damages, enhanced profits and damages, costs, and YETI's reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

## Count V: Trademark Infringement Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

60.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

61.     Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, and RTIC using at least YETI's "YETI" and "ROADIE" federally registered trademarks in connection with advertising, offering for sale, and selling the Infringing Products, RTIC has infringed YETI's trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  RTIC's use of "YETI" and "ROADIE" is likely to cause confusion, or to cause mistake, or to deceive.

62.     RTIC's use of "YETI" and "ROADIE" has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's cooler products.

63.     On information and belief, RTIC's use of "YETI" and "ROADIE" has been intentional, willful, and malicious.  RTIC's bad faith is evidenced at least by its direct copying of YETI's trademarks in an effort to sell its own cooler products.

64.      YETI is entitled to injunctive relief, and YETI is also entitled to recover at least RTIC's profits, actual damages, enhanced profits and damages, costs, and YETI's reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count VI: Patent Infringement of U.S. Patent 8,910,819

65.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

66.     RTIC has infringed and continues to infringe the '819 patent at least by offering to sell the Infringing Products, and on information and belief by making the Infringing Products and/or importing the Infringing Products into the United States, which are covered by one or more claims of the '819 patent.

67.     RTIC's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

68.     YETI provided notice to RTIC of YETI having patent rights protecting its coolers at least as early as September 5, 2014 when YETI's counsel wrote to RTIC.

69.      On information and belief, RTIC's infringement of the '819 patent has been and is in willful disregard of the '819 patent and the rights created thereunder, as evidenced at least by the similarities between the Infringing Products and the inventions claimed in the '819 patent, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's rights.

70.     This is an exceptional case in view of, *inter alia*, RTIC's willful infringement.

71.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief at least under at least 35 U.S.C. §§ 281, 284, and 285.

72.     RTIC also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count VII: Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103

73.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

74.     Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, and on information and belief RTIC making the Infringing Products and/or importing the Infringing Products into the United States, RTIC has diluted and continues to dilute YETI's trade dress under §16.103 of the Texas Business & Commerce Code.   RTIC's use of YETI's trade dress and/or colorable imitations thereof is likely to cause and has caused dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's cooler products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

75.     YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous and well-known indicator of the origin and quality of YETI's cooler products in the United States and in the State of Texas, and YETI's trade dress is widely recognized by the public throughout Texas as a designation of the source of YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas. Moreover, YETI's trade dress became famous and acquired this secondary meaning before RTIC commenced its use of YETI's trade dress and/or colorable imitations thereof in connection with the Infringing Products.

76.     RTIC's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which

YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its cooler products.

77.     On information and belief, RTIC's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  RTIC's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's rights.

78.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least RTIC's profits, actual damages, enhanced profits and damages, and YETI's reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

### Count VIII: Common Law Trade Dress and Trademark Infringement

79.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

80.     Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, on information and belief RTIC making the Infringing Products and/or importing the Infringing Products into the United States, and RTIC using at least YETI's "YETI" and "ROADIE" trademarks in connection with advertising, offering for sale, and selling the Infringing Products, RTIC, in direct competition with YETI, has engaged and continues to engage in common law trademark infringement. RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

81. YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before RTIC commenced its use of YETI's trade dress and/or colorable imitations thereof in connection with the Infringing Products.

82. RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its cooler products.

83. On information and belief, RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has been intentional, willful, and malicious. RTIC's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress, by RTIC's direct copying of YETI's trademarks in an effort to sell its own cooler products, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's rights.

84. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, RTIC's profits, punitive damages, costs, and YETI's reasonable attorney fees.

## Count IX: Common Law Unfair Competition

85.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

86.     Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, on information and belief RTIC making the Infringing Products and/or importing the Infringing Products into the United States, and RTIC using at least YETI's "YETI" and "ROADIE" trademarks in connection with advertising, offering for sale, and selling the Infringing Products, RTIC, in direct competition with YETI, has engaged and continues to engage in common law unfair competition.  RTIC has palmed off/passed off RTIC's goods and/or has simulated YETI's trade dress in an intentional and calculated manner.  RTIC has also interfered with YETI's business.

87.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before RTIC commenced its use of YETI's trade dress and/or colorable imitations thereof in connection with the Infringing Products.

88.     RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least

substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its cooler products.

89.     On information and belief, RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has been intentional, willful, and malicious. RTIC's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress, by RTIC's direct copying of YETI's trademarks in an effort to sell its own cooler products, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's rights.

90.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, RTIC's profits, punitive damages, costs, and YETI's reasonable attorney fees.

### Count X: Common Law Misappropriation

91.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

92.     Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, and on information and belief RTIC making the Infringing Products and/or importing the Infringing Products into the United States, RTIC, in direct competition with YETI, has engaged and continues to engage in common law misappropriation.

93.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  RTIC has wrongfully used YETI's trade dress and/or colorable imitations thereof in competition with YETI and gained a special advantage because RTIC was not burdened with the expenses incurred by YETI.  RTIC has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the Infringing

Products, by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

94.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before RTIC commenced its use of YETI's trade dress and/or colorable imitations thereof in connection with the Infringing Products.

95.     RTIC's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its cooler products.  Moreover, a result of its misappropriation, RTIC will, unless such conduct is enjoined by this Court, profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill of YETI's trade dress and its cooler products.

96.     RTIC's misappropriation of YETI's trade dress has been intentional, willful, and malicious.  RTIC's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's trade dress rights.

97.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, RTIC's profits, punitive damages, costs, and YETI's reasonable attorney fees.

## Count XI: Unjust Enrichment

98.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

99.     Based on the activities described above, including, for example, RTIC advertising, offering for sale, and selling the Infringing Products, on information and belief RTIC making the Infringing Products and/or importing the Infringing Products into the United States, and RTIC using at least YETI's "YETI" and "ROADIE" trademarks in connection with advertising, offering for sale, and selling the Infringing Products, RTIC, in direct competition with YETI, has and continues to unjustly enrich itself.    RTIC has wrongfully obtained benefits at YETI's expense.  RTIC has also, *inter alia*, operated with an undue advantage.

100.    YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  RTIC has wrongfully used and is wrongfully using YETI's trade dress and/or colorable imitations thereof, has wrongfully used YETI's trademarks in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage.  RTIC has not been burdened with the expenses incurred by YETI, yet RTIC is obtaining the resulting benefits for its own business and products.

101.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also

acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before RTIC commenced its use of YETI's trade dress and/or colorable imitations thereof in connection with the Infringing Products.

102.     RTIC's use of YETI's trade dress and/or colorable imitations thereof and of YETI's trademarks has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its cooler products. YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. RTIC has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage of and free-riding on YETI's efforts and investments and enjoying the benefits of YETI's hard-earned goodwill and reputation.

103.     RTIC's unjust enrichment at YETI's expense has been intentional, willful, and malicious. RTIC's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress, by RTIC's direct copying of YETI's trademarks in an effort to sell its own cooler products, by RTIC's stated intent to provide products that have "all of the features of the YETI® Coolers," and by RTIC's continuing disregard for YETI's rights.

104.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least RTIC's profits.

## **Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, YETI respectfully prays for:

1.      Judgment that RTIC has (i) willfully infringed YETI's trade dress and trademarks in violation of § 1125(a) of Title 15 in the United States Code; (ii) willfully engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) willfully engaged in false advertising in violation of § 1125(a) of Title 15 in the United States Code; (iv) willfully diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (v) willfully infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (vi) willfully infringed the '819 patent in violation of § 271 of Title 35 in the United States Code; (vii) willfully diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (viii) willfully violated YETI's common law rights in YETI's trade dress and trademarks; (ix) willfully engaged in common law unfair competition; (x) willfully engaged in common law misappropriation; and (xi) willfully unjustly enriched itself at YETI's expense;

2.      An injunction against further infringement and dilution of YETI's trade dress, further infringement of YETI's trademarks, further infringement of the '819 patent, and further acts of false advertising, unfair competition, misappropriation, and unjust enrichment by RTIC and each of its managers (including but not limited to John Jacobsen and Jim Jacobsen), agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the Infringing Products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, trademarks and/or the '819 patent, pursuant to at least 15 U.S.C. § 1116, 35 U.S.C. § 283, and Tex. Bus. & Com. Code § 16.104;

3.     An Order directing RTIC to recall all Infringing Products sold and/or distributed and provide a full refund for all recalled Infringing Products;

4.     An Order directing the destruction of (i) all Infringing Products, including all recalled Infringing Products; (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress and/or trademarks in RTIC's possession or control; (iii) all plates, molds, and other means of making the Infringing Products in RTIC's possession, custody, or control; and (iv) all advertising materials related to the Infringing Products in RTIC's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.     An Order directing RTIC to publish a public notice providing proper attribution of YETI's trade dress and trademarks to YETI and to provide a copy of this notice to all customers, distributors, and/or others from whom the Infringing Products are recalled;

6.     An Order barring importation of the Infringing Products and/or colorable imitations thereof into the United States and barring entry of the Infringing Products and/or colorable imitations thereof into any customhouse of the United States, pursuant at least to 15 U.S.C. § 1125(b);

7.     An award of RTIC's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and postjudgment interest, and YETI's reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104;

8.　　An award of damages to compensate YETI for RTIC's infringement of the '819 patent, together with prejudgment and postjudgment interest, costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

9.　　For all such other and further relief as this Court deems just and proper.


Dated:  July 17, 2015　　　　　　　　　Respectfully submitted,



By: /s/ Joseph Gray
Joseph Gray
Texas Bar No. 24045970
joseph.gray@bakerbotts.com
Baker Botts L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2639
Facsimile: (512) 322-8385

Joseph J. Berghammer *(pro hac vice forthcoming)*
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Michael L. Krashin *(pro hac vice forthcoming)*
Illinois Bar No. 6286637
mkrashin@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**