UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RTIC Coolers, LLC,<br><br>John Jacobsen, and<br><br>James Jacobsen,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00597-RP<br><br>The Honorable Robert L. Pitman<br><br>Special Master Karl Bayer |

**OPPOSED JOINT MOTION TO QUASH NON-PARTY SUBPOENAS**

Non-parties Rick Wittenbraker and David Bullock hereby move, pursuant to Fed. R. Civ. P. 45(d)(3), to quash subpoenas for a deposition served on them by Defendants—RTIC Coolers, LLC, John Jacobsen, and James Jacobsen (collectively "RTIC")—because the subpoenas fail to allow a reasonable time to comply.

　　**1. Factual Background**

In the underlying action pending in this Court, Plaintiff YETI Coolers LLC. ("YETI") alleges, *inter alia,* that Defendants infringe YETI's trade dress, trademarks and patents relating to insulated coolers.  (*See* ECF No. 64).  Discovery in the underlying action opened on September 30, 2015 and the discovery cut-off date is approaching shortly on December 6, 2016.  (ECF No. 145, Scheduling Order).  Trial is scheduled for February 2017, with dispositive, *Daubert*, and other briefing due between the close of discovery and trial.  (ECF No. 145).

On or about November 28, 2016, Mr. Wittenbraker and Mr. Bullock were each served with a non-party subpoena (Exs. 1, 2)[1] requesting a deposition to occur on December 6, 2016, which is the discovery cut-off date in the underlying action. (ECF No. 145). Mr. Wittenbraker is the former Vice President of Marketing for YETI, and Mr. Bullock is YETI's former Chief Financial Officer.

Defendants have known about Mr. Bullock at least as early as October 12, 2015, because he is identified in YETI's Rule 26(a)(1) Initial Disclosures, and because he appears in thousands of documents produced by YETI throughout the case. (Ex. 5, YETI's Rule 26(a)(1)(a) Initial Disclosures). RTIC has known about Mr. Wittenbraker at least as early as April 22, 2016, when YETI produced the first of thousands of documents including his name. (*See* Ex. 6, YETI_RTIC0002622 (email from Wittenbraker); Ex. 7, April 22, 2016 production letter from Webb to counsel)). Despite knowing that these individuals may have discoverable information long ago, RTIC waited until November 28, 2016 and the eve of the close of fact discovery to serve them with subpoenas that required compliance a mere six business days later.

RTIC has moved multiple times for —and obtained— extensions of discovery deadlines. At RTIC's request, the Court extended the pre-trial schedule, and admonished the parties that "no further delays will be granted." (Ex. 8, Sept. 13, 2016 Text Order). Thereafter, RTIC sought another extension of the discovery deadlines (ECF No. 128), which YETI opposed. (ECF Nos.

---

[1] The subpoenas are dated November 22, 2016, a mere two days before the Thanksgiving holiday. (*See* Exs. 1, 2). Mr. Wittenbraker apparently received his subpoena on November 28, 2016. (*See* Ex. 3, Wittenbraker November 28, 2016 e-mail to Harris). Defendants' counsel emailed Mr. Bullock's subpoena on November 22, 2016, and YETI's counsel agreed to accept service on November 28, 2016. (*See* Ex. 4, Krashin November 28, 2016 e-mail to Harris). Under Fifth Circuit precedent, Rule 45 requires personal service of a subpoena. *Robertson v. Dennis,* 330 F.3d 696, 704 (5th Cir. 2003) (Rule 45 "indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance.").

2

128, 130). Following referral to the Special Master, the parties compromised and this Court entered another Order extending the discovery deadline to December 6, 2016. (ECF Nos. 141, 145). In addition, Defendants have engaged in extensive deposition practice. Within the last three months, Defendants have now noticed over thirty depositions in this case, including fact, expert, and non-party depositions.

2. **A Subpoena Requiring Compliance in Six Business Days After Service Fails to Allow a Reasonable Time for Compliance and Must be Quashed**

The subpoenas on Mr. Wittenbraker and Mr. Bullock should be quashed because the subpoenas fail to allow a reasonable time to comply. "On timely motion, the court for the district where compliance is required ***must*** quash or modify a subpoena that: (i) fails to allow a reasonable time to comply …". Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).[2] Rule 45 does not specify the number of days prior to a deposition that a subpoena must be served in order to "allow a reasonable time to comply," but courts generally hold that a minimum of fourteen days after service is required, because the deadline for objecting to subpoenas is fourteen days after service. *See, e.g., Verisign, Inc. v. XYZ.com, LLC,* No. 15-mc-175, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015); *Hall v. Louisiana,* No. 12-657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014)*; Brown v. Hendler,* No. 09-CIV-4486*,* 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011); *TRI Investments, Inc. v. Aiken Cost Consultants, Inc.*, No. 2:11cv4, 2011 WL 5330295, *1 (W.D.N.C. Nov. 7, 2011). *See also* Fed. R. Civ. P. 45(d)(2)(B).

Courts routinely quash subpoenas that allow less than fourteen days for compliance after service. *See, e.g.*, *Ike-Ezunagu v. Deco, Inc.*, No. RWT-09-526, 2010 WL 4822511, at *2 (D.

---

[2] This joint motion to quash is timely. *See Central States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, No. 06 CV 1205, 2009 WL 3255246, at *1 (N.D. Ill. Oct. 6, 2009) (holding that a motion to quash is "timely" under Rule 45(c)(3)(A) when it is filed on or before the date of compliance).

Md. Nov. 22, 2010) ("eight days' notice [of deposition] does not provide these individuals with 'reasonable time to comply.'"); *Memorial Hospice, Inc. v. Norris*, No. 2:08cv48, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (eight days' notice for deposition not reasonable); *Jordan v. Comcast Cable Comm'ns Mgt.*, No. 1:14-cv-3622, 2016 WL 5899314, *1 (N.D. Ga. Oct. 11, 2016) ("subpoena, served a week before the hearing and before a three-day holiday weekend, fails to allow a reasonable time to comply"); *Fid. & Guar. Life Ins. Co. v. United Advisory Grp., Inc.*, No. JFM-13-40, 2016 WL 632025, at *11 (D. Md. Feb. 17, 2016) (holding that seven days was insufficient); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 686 (D. Nev. 1999) (holding that five days was insufficient notice to appear at a deposition); *Hall*, 2014 WL 1652791, at *11 (between 12 and nine days for non-party to produce documents unreasonable); *Nguyen v. Louisiana State Bd. of Cosmetology*, No. CV 14-80, 2016 WL 320152, at *2 (M.D. La. Jan. 26, 2016) (eight and 16 days for non-party to produce documents unreasonable).

In this case, Defendants' subpoenas required compliance a mere six business days (and eight total days) from service, which is not a reasonable amount of time. *Friedberg v. Madison Realty Investments, Inc.*, No. 1:16-mc-0003, 2016 WL 1562948, *2 (S.D. Ohio April 18, 2016) (eleven days and five business days to respond to subpoena seeking testimony unreasonable); *In re Stratosphere Corp.*, 183 F.R.D. at 686 (holding that five days not reasonable); *TRI,* 2011 WL 5330295, *2 ("Six total days and four business days not a reasonable time to comply with a subpoena and notice of deposition"); *Fid. & Guar. Life,* 2016 WL 632025, at *11 (seven days not reasonable); *Ike-Ezunagu,* 2010 WL 4822511, at *2 (eight days not reasonable); *Memorial Hospice,* 2008 WL 4844758, at *1 (eight days' notice not reasonable). For example, Mr. Wittenbraker informed Defendants' counsel that his work and personal schedule did not allow

4

for a deposition on the date set forth in the subpoena.  (*See* Ex. 3, Wittenbraker November 28, 2016 e-mail to Harris). Additionally, Mr. Bullock has a personal conflict with the deposition date set forth in the subpoena, and is also unavailable.  These facts reinforce the unreasonableness of the time allowed for compliance with the subpoenas.

Accordingly, Defendants' subpoenas to Messrs. Wittenbraker and Bullock should be quashed because they do not permit a reasonable time for compliance.

### 3. **Modifying the Subpoena Would Run Afoul of the Court Ordered Discovery Deadline**

The Court should exercise its discretion and quash the subpoena rather than modifying it. *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 & n.4 (5th Cir. 1994) ("The choice to quash or modify is in this Court's discretion"); *see also* Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply …").

Modifying the subpoenas to provide more time for Messrs. Wittenbraker and Bullock to comply would impermissibly provide an end-run around the Court-ordered discovery deadline. *See Hernandez v. City of Corpus Christi,* No. C-10-186, 2011 WL 2194254 (S.D. Tex. June 6, 2011) ("It is well established that a party may not use Rule 45 subpoenas duces tecum … to circumvent a discovery deadline.").  In this case, discovery closes on December 6, 2016, and the deadline to serve dispositive motions and *Daubert* motions is December 19, 2016.  Modifying the subpoena would result in non-party depositions occurring after the close of fact discovery contrary to the Court's scheduling order.  *Cf. Dixon v. Greyhound Lines, Inc.*, No. 13-179-JWD, 2014 WL 6474355, (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline.").  And, as explained above, Defendants have moved multiple times

for extension of the discovery deadline. (*See* Ex. 8; ECF No. 128, 145). Thus, RTIC's subpoenas should not be modified, because doing so would result in untimely discovery and an unwarranted extension of discovery. Instead, the subpoenas should be quashed for the reasons stated herein.

Dated: December 5, 2016                    Respectfully submitted,

By: /s/ *Kevin J. Meek*
Kevin J. Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2639
Facsimile: (512) 322-8385

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Michael L. Krashin (admitted *pro hac vice*)
Illinois Bar No. 6286637
mkrashin@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR RICK WITTENBRAKER AND DAVID BULLOCK**

**CERTIFICATE OF CONFERENCE**

Counsel for the parties conferred in a good-faith attempt to resolve this matter pursuant to Fed. R. Civ. P. 37(a)(1), Local Rule CV-7(i), and Local Rule AT-4(e), but no agreement could be reached. One of the counsel for Messrs. Wittenbraker and Bullock, Victoria Webb, Esq., conferred in good faith via email with counsel for Defendants on this issue on December 5, 2016. Counsel for Defendants did not respond, although one of Defendants' counsel, Katrina Eash, Esq., stated in a separate email on December 5, 2016 that Defendants planned to file a motion to compel if deposition dates were not provided for Messrs. Wittenbraker and Bullock.  Therefore, the parties could not reach agreement on these issues.

/s/ *Victoria R. M. Webb*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2016, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through its counsel of record.

/s/ *Kevin J. Meek*
FOR RICK WITTENBRAKER AND
DAVID BULLOCK