IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:15-CV-597-RP |
| | § | |
| RTIC COOLERS, LLC, | § | |
| JOHN JACOBSEN, and | § | |
| JAMES JACOBSEN, | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER</u>**

Before the Court is Defendants' Motion for Stay Pending Resolution of PTO Proceedings. (Dkt. 242). By way of their motion, Defendants ask the Court to stay this case until the conclusion of an *inter partes* review proceeding involving the patents Plaintiff YETI has asserted here.

In deciding whether to stay litigation in these circumstances, courts consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

The first allegations of infringement appear to have been communicated to Defendants as early as September 5, 2014. (Second Am. Compl., Dkt. 64, ¶ 40). Plaintiff filed this suit on July 17, 2015, and served Defendants shortly thereafter with its Complaint detailing its allegations of patent infringement. (Dkts. 1, 3). It would be another eleven months before Defendants submitted their petitions for *inter partes* review. (Defs.' Mot. for Stay, Dkt. 242, at 1). By the time Defendants moved the Court for a stay following the PTO's instituting review of YETI's patent claims, discovery had

already closed in this case and more than a dozen motions were pending before the Court. Trial is now just a few weeks away.

In light of this posture, the Court finds that a stay is unwarranted. This conclusion is bolstered by the fact that the outcome of the *inter partes* review will not significantly simplify matters pending before the Court. Patent infringement is but one of many claims Plaintiff has asserted in this action and the other claims do not depend in any significant way on the validity of Plaintiff's patents. They will thus require adjudication whether or not the PTO cancels Plaintiff's patents. Staying the many potentially meritorious claims pending resolution of a few potentially uncertain ones does not clearly serve either efficiency or the interest of justice. Accordingly, Defendants' Motion for Stay is **DENIED**. (Dkt. 242).

**SIGNED** on January 9, 2017.

_____

ROBERT PITMAN  
UNITED STATES DISTRICT JUDGE