IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| V. | § | A-15-CV-597-RP |
| | § | |
| RTIC COOLERS, LLC, et al. | § | |

## ORDER

Before the Court is YETI's Opposed *Daubert* Motion to Exclude the Report and Opinion Testimony of David Kazmer (Dkt. No. 247), as well as RTIC's response (Dkt. No. 308) and YETI's reply (Dkt. No. 333). The motion was referred to the undersigned for resolution.

David Kazmer is a tenured professor in the Department of Plastics Engineering at the University of Massachusetts Lowell. He is a leading researcher and authority in plastic product design and plastics manufacturing. He received his Ph.D. in Mechanical Engineering at Stanford University, and, in addition to his academic career, he worked in private industry as a practicing engineer. RTIC has designated Kazmer as an expert to rebut YETI's expert Richard Crawford, who YETI has designated to testify regarding the manners in which RTIC's products infringe on two patents held by YETI.

YETI's motion raises a discreet issue: it contends that Kazmer's opinions rely on constructions of patent claim terms that are different from, or inconsistent with, the constructions that have already been adopted by the Court.[1] YETI identifies three claim terms where it contends this is an issue: "lip," "lip configured to conceal at least a portion of the base portion of the latch,"

---

[1] The Court appointed a special master to make recommendations regarding claim construction. The special master's report and recommendations were filed on July 12, 2016. Judge Pitman adopted the recommendations, without objection, on September 21, 2016. *See* Dkt. Nos. 109, 116.

and "lip extending from an upper edge of the top portion." The claim construction that has been adopted for the first two of these terms is "plain and ordinary meaning." The third phrase was not construed, as neither party requested its construction. As a result, the plain and ordinary meaning of that phrase applies as well. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc). YETI contends that, under the guise of explaining the "plain and ordinary meaning" of these terms to one skilled in the art, Kazmer has adopted his own constructions of these claim terms, and used those—not the Court's—to support his opinion of non-infringement. Based on this, YETI moves to exclude these opinions under *Daubert v. Merrell Dow Pharm., Inc.* and FED. R. EVID. 702, as irrelevant and unreliable. Separately, YETI argues the testimony should be excluded as unduly prejudicial, under FED. R. EVID. 402 and 403.

RTIC responds by arguing that what Kazmer has done is perfectly appropriate, and that "YETI appears to be shamelessly attempting to compensate for an error made by its own expert, Dr. Crawford, who provided entirely conclusory opinions without any explanation as to his view of the plain and ordinary meaning of the disputed claim terms." Dkt. No. 308 at 2. The motion therefore raises this question: when a court construes a term as having its "plain and ordinary meaning," may an infringement expert nevertheless offer the jury his or her view of " how one of ordinary skill in the art at the time of the invention would have understood those claim terms"? *Id.* at 2-3. RTIC contends that Kazmer must be permitted to offer his opinions on this issue, because "the jury needs assistance ascertaining" the meaning of the terms, given that "jurors generally do not fall in the category of one of ordinary skill in the art at the time of the alleged invention." *Id.* at 3. YETI responds that RTIC's argument is disingenuous, as Kazmer is not "explaining" the plain and

ordinary meaning of the terms, but instead is construing them, and construing them inconsistently with the Court's claim construction.

The fundamental principles applicable here are well-settled: "In a case tried to a jury, the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996). It is improper for a court to permit experts to offer different claim constructions and then to allow the attorneys to argue the competing constructions to the jury. *CytoLogix Corp. v. Ventana Med. Sys., Inc.* 424 F.3d 1168, 1172 (Fed. Cir. 2005). The court is the final authority on the meaning of claim terms, and the jury must be instructed by *the court*, not the parties or their experts, on those meanings. *Id.* See also, *MediaTek, Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 971765 at *2 (N. D. Cal. March 5, 2014). As the district judge in *MediaTek* explained,

> "district courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Pressure Products Medical Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010). Accordingly, the final determination of the construction of any claim occurs at the close of trial and manifests itself in the form of jury instructions.

*Id.* "Whether any evidence as to a term's plain and ordinary meaning is admissible must be considered in the context of the issues to be tried." *Apple, Inc. v. Samsung Elec. Co., Ltd.,* 2014 WL 660857 at *3 (N.D. Cal. Fed. 20, 2014).

In this instance, RTIC's attempt to have Kazmer "explain" the plain and ordinary meaning of claim terms is a rather poorly disguised attempt to offer the jury constructions different from the Court's. His opinions would confuse the jury and usurp the Court's responsibility to instruct the jury

regarding the meaning of the patents' terms. For example, the Court has construed the term "lip" to have its plain and ordinary meaning. Kazmer proposes to "explain" to the jury that, to one skilled in the art addressed by the patents,[2] "lip" actually means "the forward-most edge that presents itself in the context of its usage: to the user regarding concealment of the base of the handle, and to the latch regarding control of the angle α2 as shown in the left figure of Kazmer-Figure 5." Dkt. No. 245-4 at ¶ 51. While, by fiat, Kazmer says this is what one "skilled in the art" would understand "lip" to mean, he never offers any reasonable explanation for why such a complicated understanding of that term would be the meaning a person trained in mechanical engineering for two or four years would give the word "lip." And it is not a coincidence that this overly complex definition just happens to support Kazmer's conclusion that RTIC's latch does not infringe the claims of the patent.

With regard to the phrase "lip configured to conceal at least a portion of the base portion of the latch," the attempted manipulation is even more obvious. Here, Kazmer rather amazingly plans to explain to the jury that the phrase has the meaning RTIC proposed during claim construction—a definition the Court *rejected*. The parties proposed competing constructions of the phrase at the *Markman* stage. YETI's proposed construction was that the phrase have its "plain and ordinary meaning," or, alternatively, if any construction was deemed necessary, "configured to hide at least a portion of the base portion of the latch." Dkt. No. 109 at 3. RTIC, on the other hand, offered the proposed construction "configured to hide at least a portion of the base of the latch *when viewed from the front*." *Id.* (emphasis added). To be clear, the point of RTIC's proposal was to add the

---

[2]Both parties have used the same skill level for these purposes: "a person having a two-or four-year degree in a technical field such as mechanical engineering, or two to three years of experience in the design, development, and testing of mechanical structures or devices." *See, e.g.,* Dkt. No. 245-4 at ¶ 17.

phrase "when viewed from the front" into the claim term. The special master rejected this proposal, and recommended the term be given its plain and ordinary meaning. *Id.* Judge Pitman adopted that recommendation. Dkt. No. 116. Despite this, Kazmer states in his rebuttal report that "one of ordinary skill in the art viewing the asserted patents would understand that the concealment of the base of the latch *when viewed from the front* is provided by designing the lip to descend below the top surface of the base of the latch." *Id.* at ¶ 65 (emphasis added). That is, despite the Court having already rejected it, Kazmer proposes to add "when viewed from the front" right back into his definition at trial, by claiming that "one skilled in the art" would understand it that way. This is a blatant attempt to "back door" RTIC's rejected claim construction into the trial, and is wholly inappropriate.

With regard to the last phrase—"lip extending from an upper edge of the top portion"—the situation is similar. This phrase is not one that either party requested be construed by the Court. By seeking to have an expert testify to the meaning of a claim it did not raise as needing construction by the Court, it is arguable that RTIC is trying to avoid the requirements of the detailed scheduling order in this case. That order required RTIC to submit its claim chart by January 25, 2016, for the '819 patent, and February 22, 2016 for any other patent. Dkt. No. 35. RTIC never listed the phrase at issue in either chart. Given this, having its expert offer an opinion months after the deadline for disclosing disputed terms, in which he opines that the plain and ordinary meaning of the phrase actually includes one more word, would seem to violate the scheduling order. *See MediaTek*, 2014 WL 971765 at *5 (excluding expert's "plain and ordinary meaning" testimony on claim term not disclosed as needing construction by date required by local rule). Moreover, Kazmer's proffered

opinion goes beyond explaining the meaning of the phrase, and attempts to argue a construction of the language. At his deposition Kazmer testified that:

> And so my understanding is that one of ordinary skill in the art would read "lip extending from an upper edge" and essentially understand that to mean a lip extending *away* from an upper edge. So I have incorporated some of, you know, that into my opinions here. Again, the claim language is what it is and one of ordinary skill in the art might understand something different than the literal words provided there.

Dkt. No. 247-3 at 10-11 (emphasis added). Nowhere in his report or deposition does Kazmer explain why a person skilled in the art would understand the "literal words" of the phrase as also including the word "away." It is simply not enough to merely state that "one skilled in the art" would understand a phrase to mean something other than the plain and ordinary meaning of those words. There must be some explanation to support such a claim, as otherwise infringement and *Markman* experts would be completely unconstrained by the words of a patent.

Thus, while RTIC is correct that in appropriate circumstances case law may permit testimony to the jury regarding the plain and ordinary meaning of a phrase as understood by one skilled in the art, this is not an appropriate case for permitting such testimony. As the court in *Apple v. Samsung* explained, "At trial, parties may 'introduc[e] evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art,' *so long as* the evidence does not amount to 'argu[ing] claim construction to the jury.'" 2014 WL 660857 at *3 (*quoting DNT LLC v. Sprint Spectrum, LP,* 2010 WL 582164 at *4 (E.D. Va., Feb. 12, 2010) *and Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009)) (emphasis added). Here, there is little question that RTIC is attempting to have its expert argue claim construction to the jury. Finally, even if RTIC were to be permitted to offer evidence from its expert on the meaning of the patent to one skilled in

the art, that testimony would not be for the jury, but rather would be for the trial judge, who would then use it to reach his final understanding of the patents' claims for use in his instructions to the jury. This is because, as discussed earlier, the only person who should be explaining to the jury what the patent terms mean is the trial judge, in his instructions. *MediaTek,* 2014 WL 971765 at *2.

ACCORDINGLY, YETI's Opposed *Daubert* Motion to Exclude the Report and Opinion Testimony of David Kazmer (Dkt. No. 247) is **GRANTED**, and his opinions regarding the plain and ordinary meaning to one skilled in the art of the terms "lip," "lip configured to conceal at least a portion of the base portion of the latch," and "lip extending from an upper edge of the top portion" are excluded from presentation to the jury.

SIGNED this 27th day of January, 2017.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE