bIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |  |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| V. | § | A-15-CV-597-RP |
| | § | |
| RTIC COOLERS, LLC, et al. | § | |

## ORDER

Before the Court is Defendants' Motion to Exclude the Testimony and Report of Plaintiff's Expert Jeffrey M. Samuels (Dkt. No. 207), as well as YETI's response (Dkt. No. 257) and RTIC's reply (Dkt. No. 295). The motion was referred to the undersigned for resolution.

Mr. Samuels is a professor emeritus at the University of Akron School of Law, specializing in trademark law. He retired from teaching in 2014, having taught there beginning in 1998. From 1993 to 1998, he practiced trademark law, and taught as an adjunct professor at both George Washington University and George Mason University law schools. He was the Assistant Commissioner for Trademarks at the USPTO from 1987 to 1993, where he served as the chief management official for the trademark division of the USPTO. YETI has designated Samuels as an expert witness to testify regarding the United States Patent and Trademark Office's procedures for examining federal trademark applications. Specifically, he proposes to offer three opinions regarding YETI's U.S. Trademark Application Serial Number 86/322,070, referred to here as the '070 application:

- The PTO's Trademark Examining Attorney examined the '070 application and found the trade dress in the '070 application, as published, (a) had acquired distinctiveness and (b) was not functional.

- The Letter of Protest submitted on behalf of RTIC Coolers, LLC has not, to date, altered the Trademark Examining Attorney's determination that the trade dress in the '070 application had acquired distinctiveness and was not functional.

> • The use of broken lines in the trade dress shown in the '070 application does not preclude YETI from asserting trade dress rights in those elements in this matter or in another matter before the PTO, such as in another trade dress application.

Dkt. No. 207-2 at 5.  RTIC objects to the admission of Samuel's testimony because it contends that his " report contains nothing more than legal conclusions on a trade dress application that covers an applied-for trade dress different than the trade dress at issue here, and it will not aid the trier of fact."  Dkt. No. 207 at 2.  RTIC further contends that even if the opinions are not legal conclusions, they address issues that are irrelevant, and would likely mislead or prejudice the jury.

Though couched as a *Daubert* motion, nothing in the motion challenges Samuel's qualifications to offer opinions on trademark practice before the USPTO—and to the extent it purports to do so, the motion is plainly meritless, as Samuels is clearly qualified to testify on that topic.  Nor does the motion question Samuels' methodology in reaching his opinions.  Indeed, Samuels does not claim to have applied any "methodology," since his proposed testimony is limited to explaining the impact of certain actions the USPTO has taken on the subject trademark application.  For all practical purposes, the motion is actually a motion in limine, seeking to have the Court rule—in a vacuum—where precisely the line is between permissible testimony about how a trade dress application is processed, and impermissible legal opinion.

Thus, while the Court agrees with RTIC that some of what is contained in Samuels' report qualifies as legal opinion, and that if he testified to those opinions at trial he would be invading the province of the trial judge, that is something best dealt with by the trial judge *at trial* through a timely objection from RTIC's counsel.  There is no need for a ruling on this issue before trial, even assuming it would be possible to do so without actual questions and answers before the Court.  RTIC has able counsel who will no doubt object if Samuels' testimony goes beyond explaining the process

of applying for a trademark—something that will no doubt aid the jury—and wanders into offering legal opinions or instructions.

ACCORDINGLY, Defendants' Motion to Exclude the Testimony and Report of Plaintiff's Expert Jeffrey M. Samuels (Dkt. No. 207) is **DENIED**.

SIGNED this 27th day of January, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE