IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **YETI COOLERS, LLC,** | § | |
| | § | |
| **V.** | § | **A-15-CV-597-RP** |
| | § | |
| **RTIC COOLERS, LLC, et al.** | § | |

## ORDER

Before the Court are YETI's Opposed Motion to Strike the Report of, or in the Alternative, to Exclude the Testimony of Tülin Erdem (Dkt. No. 229), Defendants' Response (Dkt. No. 275), and YETI's Reply (Dkt. No. 323). The motion was referred to the undersigned for resolution.

Dr. Tülin Erdem, Ph.D. ("Erdem") is the Leonard N. Stern Professor of Business Administration and Professor of Marketing at the Stern School of Business at New York University. Before joining the Stern School of Business in 2006, Dr. Erdem was the E.T. Grether Professor of Business Administration and Marketing at the Haas School of Business at the University of California at Berkeley. Defendants's counsel retained Dr. Erdem as an expert witness "to determine whether and to what extent, if any, (i) the design of the RTIC cooler and (ii) mentions of the YETI brand name in RTIC's marketing influence consumers' purchasing behavior." Dkt. No. 218-5 at 8. Counsel asked Dr. Erdem to develop studies that would allow her to determine (1) qualitatively, the reasons, factors or product characteristics reported by recent purchasers of hard-sided RTIC coolers as motivating their purchases; (2) quantitatively, whether recent or prospective purchasers of RTIC and YETI hard-sided coolers and similar coolers would be more, less or equally likely to select the RTIC and YETI coolers if (i) the designs of the RTIC coolers were unequivocally non-infringing and/or (ii) YETI coolers were not mentioned on the RTIC's website homepage or cooler sales page. *Id.* In order to answer these questions, Erdem conducted two studies: (1) a "Purchase Driver Study"

which evaluated customers' recollections about the factors that motivated their recent purchase of a hard-sided RTIC cooler; and (2) a "Choice Experiment" study which addressed in a more indirect manner whether and to what extent the allegedly infringing elements would impact consumer purchase decision. After conducting the studies, Dr. Erdem concluded the following:

> RTIC's design is not an important driver in the decision to purchase RTIC's at-issue cooler products. In particular, my Choice Experiment finds the effect of RTIC's design on that decision to be statistically insignificant. Further, my Purchase Driver Study finds that 79 percent of RTIC purchasers do not report that RTIC's design or resemblance to YETI is a factor in the purchase decisions.

*Id.* at 9. YETI argues that Dr. Erdem's expert report should be stricken because (1) it was filed after the deadline for filing burden of proof reports contained in the Scheduling Order, and (2) even if timely, the Purchaser Driver survey is too unreliable to be helpful to a jury and, therefore, Erdem's testimony should be precluded under Federal Rules of Evidence 702 and 403.

YETI argues that Dr. Erdem's expert report should be stricken because it was filed after the October 13, 2016 deadline for filing burden of proof reports contained in the Scheduling Order. YETI contends that RTIC has improperly labeled Dr. Erdem's report as a rebuttal report when it is actually a burden of proof report. The Court agrees. Rule 26(a)(2)(A) requires the disclosure of expert testimony prior to trial. Rule 26(a)(2)(D) mandates that such expert disclosures be made "at the times and in the sequence that the court orders." The Court's scheduling order required the parties to exchange "burden of proof" expert reports by October 13, 2016, and "rebuttal" expert reports by November 18, 2016. *See* Dkt. Nos. 35 & 145, and text order of 9/13/16. Dr. Erdem's expert report was filed on November 16, 2016. Thus, the Court must determine whether Dr. Erdem's report is a rebuttal or a burden of proof report to determine whether it was timely disclosed.

2

Rule 26 defines a rebuttal expert as one whose opinions are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." FED. R. CIV. P. 26(a)(2)(D)(ii). To determine whether Dr. Erdem's report is a rebuttal report requires the Court to consider three factors: (1) whether Dr. Erdem is purporting to contradict or rebut expert opinions offered by YETI as to a claim or defense on which YETI has the burden of proof; (2) whether her opinions are on the same subject matter as that identified by a YETI expert in its Rule 26(a)(2)(B) disclosure; and (3) whether the evidence disclosed as rebuttal evidence is intended solely to contradict or rebut that evidence. *See Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, 2006 WL 5127278, at *2 (N.D. Tex. May 31, 2006) (Fitzwater, J.) (citing *Poly-America, Inc. v. Serrot Int'l, Inc.*, 2002 WL 1996561, at *15 (N.D. Tex. Aug.26, 2002)). (Fitzwater, J.).

Considering these factors, Dr. Erdem's expert report is plainly not a rebuttal report. First, Dr. Erdem's report does not attempt to rebut any of YETI's experts. It is undisputed that Dr. Erdem did not review any YETI expert reports before preparing her own report and admitted during her deposition that "I'm not rebutting anybody." Exh. 1 to Dkt. No. 229. Defendants contend that Dr. Erdem was not required to review any opposing expert reports before preparing her report, and quote *Poly-America* for the proposition that "[a]lthough a rebuttal expert witness will often know whose testimony he is rebutting and what is the precise content of that testimony, the Rule does not require such knowledge in every case to qualify as the disclosure of a rebuttal expert." 2002 WL 1996561, at *15. Notably, however, Defendants fail to quote the next sentence: "It is sufficient if the evidence disclosed under the rebuttal rubric is intended solely to contradict or rebut evidence on the same subject matter that another party has identified in its expert disclosure." *Id.* Dr. Erdem's report does not meet this threshold because it does not rebut or contradict any evidence in YETI's expert reports

3

and does not involve the same subject matter as a YETI expert.[1]  Instead, Dr. Erdem's report is focused solely on the issue of apportionment of profits—an issue on which RTIC has the burden of proof, and an issue not addressed by any YETI expert.

Dr. Erdem's report also does not attempt to rebut expert opinions offered by YETI as to a claim or defense on which YETI has the burden of proof. *See Wireless Agents*, 2006 WL 5127278, at *2.  In a trade dress infringement case, a plaintiff who proves infringement may be entitled to a defendant's profits, to the extent they are attributable to the defendant's unlawful use of plaintiff's trade dress or trademark. 15 U.S.C. § 1117(a). "Under 15 U.S.C. § 1117(a), the plaintiff has the burden of showing the amount of the defendant's sales of the infringing product.  The defendant has the burden of showing all elements of cost and other deductions." *Maltina Corp. v. Cawy Bottling Co., Inc.*, 613 F.2d 582, 586 (5th Cir. 1980). *See also*, *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 901 (5th Cir. 2016) (*quoting Maltina*).  This means that YETI's only burden of proof on trade dress damages is to prove RTIC's total sales of the allegedly infringing coolers.  It has no burden to prove costs or any other deductions from the total sales figures.  Instead, "the burden is on the infringer [RTIC] to prove (1) which, if any, of those sales were not attributable to the wrongful act, and (2) deductible costs and expenses to arrive at net profits." *Clearline Techs. Ltd.*

---

[1] RTIC attempts to show otherwise by claiming that her report rebuts three of YETI's expert reports (Salters, Wind and Hoyer).  This however, is simply not true.  Salters is YETI's damage expert, and is the witness through whom YETI is meeting its burden of proving RTIC's gross sales from the allegedly infringing coolers.  As discussed in the text, apportionment evidence does not rebut gross sales figures—it is a topic on which RTIC has the statutory burden of proof.  Wind is testifying for YETI regarding secondary meaning and likelihood of confusion, and Hoyer on fame and dilution.  As the sole focus of Erdem's report and study is to determine the reasons RTIC customers purchased coolers, she is plainly not offering opinions on any of these topics.  Indeed, the words "secondary meaning," "likelihood of confusion," fame," and "dilution" are not mentioned once in the "summary" of her opinions. Dkt. No. 271-2 at 13-14. Erdem is an apportionment expert, and only an apportionment expert.

*v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 707 (S.D. Tex. 2013) (internal citations and quotations omitted). Accordingly, Dr. Erdem's expert report could not be rebutting a claim on which YETI bears the burden of proof, since the burden of proof on apportionment is on RTIC.

Because Dr. Erdem's expert report is a burden of proof report, it was filed well after the applicable deadline of October 13, 2016, contained in the scheduling Order. Dkt. No. 35; text order of 9/13/16. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use the information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In order to determine whether the late-filed expert report should be excluded, the Court must consider the following factors: (1) RTIC's explanation, if any, for its failure to comply with the discovery order; (2) the prejudice to YETI of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of Erdem's testimony. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir.), *cert. denied*, 519 U.S. 811 (1996); *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). RTIC, as the party that violated the order, has the burden to show that the failure to comply with the discovery deadline was harmless. *Spencer v. BMW of N. Am., LLC*, 2015 WL 11661764, at *2 (W.D. Tex. Dec. 10, 2015).

On the first question, RTIC fails to provide the Court with any explanation for missing the deadline contained in the scheduling order, and makes no effort to justify it. Second, YETI would be prejudiced if Dr. Erdem's report is allowed, because it would be unable to rebut Dr. Erdem's opinion with an expert of its own. As noted earlier, Dr. Erdem's opinions are the result of two surveys, which each take considerable time to design and conduct. It is now too late for YETI to

retain an expert to conduct competing studies. By not raising the issue of apportionment of profits in a burden of proof report, RTIC has prevented YETI from offering its own expert on the issue. *See Spencer*, 2015 WL 11661764, at *3 (striking late filed expert report where "Plaintiff's failure to disclose expert reports has caused prejudice because BMW's experts cannot offer rebuttals of or analyze Plaintiff's expert reports."). This is precisely the harm that scheduling orders seek to prevent.

Third, a continuance is not an option to cure the problem. Discovery in this case closed on December 5, 2016, and the trial in this case is weeks away (February 21, 2017). The District Court has made it clear that "no further delays will be granted" in this case. *See* text order of 9/13/16. Accordingly, there is no possibility of curing any prejudice to YETI by granting a continuance in the case. Finally, while the Court acknowledges the importance of Dr. Erdem's testimony regarding apportionment of damages, that is not enough to save the testimony. The burden of proof deadline was well known, and it is black letter law that apportionment of damages is a topic on which the alleged infringer bears the burden of proof. RTIC's counsel practice regularly in this area, as they are patent and trademark specialists, and were certainly aware of this.

After carefully weighing all of the *Sierra Club* factors, the Court finds that RTIC has failed to demonstrate its untimely disclosure of Erdem's opinions was substantially justified or harmless. Pursuant to Rule 37, the proper consequence is therefore the exclusion of Dr. Erdem as a witness and exclusion of her report and opinions. *See Sierra Club,* 73 F.3d at 573; *Spencer*, 2015 WL 11661764, at *3 (striking late filed expert report where party had no excuse and it would prejudice opposing party).

Accordingly, YETI's Opposed Motion to Strike the Expert Report of Tülin Erdem (Dkt. No. 229) is **GRANTED**.[2]

SIGNED this 27th day of January, 2017.

*[signature]*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court has found that the expert report is untimely, the Court need not address YETI's argument that the report should be excluded under FED. R. EVID. 702.