IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| V. | § | A-15-CV-597-RP |
| | § | |
| RTIC COOLERS, LLC, et al. | § | |

## ORDER

Before the Court is YETI's Opposed *Daubert* Motion to Exclude the Report and Opinion Testimony of Rebecca Kirk Fair (Dkt. No. 238); RTIC's response (Dkt. No. 273); and YETI's reply (Dkt. No. 319).  The motion was referred to the undersigned for resolution.[1]

Rebecca Kirk Fair is a Managing Principal with Analysis Group, Inc., a consulting firm headquartered in Boston, Massachusetts. She has an MBA degree in finance and applied economics from the MIT Sloan School of Management in Boston, Massachusetts.  In her 20 years at Analysis Group, she has conducted economic analyses, and processed and statistically analyzed large datasets. She has worked on over 200 intellectual property, false advertising, class certification, and antitrust cases, and has served as an expert witness in matters involving statistical sampling, breach of contract damages, and trademarks.  RTIC retained Kirk Fair to conduct a survey to evaluate YETI's likelihood of confusion claim, and to respond to the testimony of YETI's expert, Isabella Cunningham.   YETI moves to exclude Kirk Fair's testimony, asserting that she employed an untested and unrecognized "aided *Eveready"* survey methodology instead of an accepted

---

[1]These is one of 16 motions the parties have filed challenging their opponent's experts under *Daubert* and FED. R. EVID. 702.  Because the standard applicable to the review of this type of motion is well-known, and to avoid repeating itself over and over in these orders, the Court will not set out here the black letter law governing such motions.  Suffice it to say the Court did in fact apply the standard set out in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) and its progeny, as codified in Rule 702.

methodology. YETI further contends that her survey was not double-blind, and was biased in RTIC's favor, because it repeatedly revealed that RTIC was the survey sponsor. RTIC responds that YETI is "nit-picking" and that Kirk Fair's aided *Eveready* survey methodology is not novel, but typical, well-accepted, and follows best practices. RTIC disputes that Kirk Fair's survey revealed RTIC as the survey's sponsor, and argues overall that YETI's criticisms go to weight, not admissibility.

## I.  Aided *Eveready* Survey Method

In a prior order, the Court explained the differences between an *Eveready* survey, and a *Squirt* survey, and thus will not repeat that discussion here. Dkt. No. 360 at 3-5. Kirk Fair analyzed likelihood of confusion using an *Eveready* survey format. She stated that she considered that YETI's suit raised two types of consumer confusion: "consumers confuse the appearance and design of RTIC's hard-sided coolers with the alleged trade dress of YETI's hard-sided coolers because of RTIC's trade dress alone," and "consumers confuse RTIC products with YETI's hard-sided coolers because of both RTIC's appearance and design and its references to YETI products on the RTIC website." Dkt. No. 256-4 at  ¶¶ 9, 25. First, Kirk Fair showed RTIC web pages to respondents. Kirk Fair states she used the RTIC web pages both because they were directly invoked by YETI's allegations and to "closely replicate marketplace conditions," since the majority of RTIC's hard-sided coolers are sold on its website. *Id.* at ¶ 29. Second, in order to address YETI's two allegations of likelihood of confusion, Kirk Fair conducted an *Eveready* survey with two portions—one "unaided" and one "aided." *Id.* at  ¶ 24. For the unaided *Eveready*, respondents were not shown YETI's mark/dress, but a generic cooler. (YETI does not generally challenge Kirk Fair's unaided *Eveready* survey format.) For the aided *Eveready*, Kirk Fair changed the format by instead showing

2

respondents references to YETI as they appear on actual RTIC web pages, comparing the two coolers, which she again asserts replicates market conditions.   Dkt. No. 256-5 at 31.

YETI moves to exclude Kirk Fair's unaided *Eveready* survey on the basis that she did not use recognized and accepted survey methodology, and improperly tailored the survey to this litigation by not using RTIC's product alone.   RTIC responds that Kirk Fair's use of the aided *Eveready* approach using a YETI cooler as a comparison product is not novel, and that the majority of likelihood of confusion surveys are adaptations of the *Eveready* and *Squirt* survey formats. J. B. Swann, "Eveready and Squirt–Cognitively Updated," 106 TRADEMARK REPORTER 727 (July-Aug. 2016) (Dkt. No. 235-5).   Additionally, RTIC argues that Kirk Fair designed her survey with the goal of replicating the consumer's actual purchasing environment, which is the overarching goal of these surveys.

Although the *Eveready* methodology is a "widely accepted format to prove the likelihood or non-likelihood of confusion," 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:174 (4th ed.), it is not the exclusive means of proving the likelihood of confusion. As the Court noted in addressing RTIC's motion to strike Cunningham's testimony, the case law shows other methodologies can be used.   *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.*, 618 F.3d 1025, 1037–1038, (9th Cir. 2010).   In this case, Kirk Fair modified the *Eveready* approach to include a side-by-side representation of the YETI cooler as the comparison product.   Kirk Fair's aided *Eveready* survey is a combination of a *Squirt* and *Eveready* approach. She used the open-ended questions employed by *Eveready*, and the side-by-side comparison of products utilized in *Squirt* surveys.   Commentators recognize that a survey expert may want to "go both ways" by combining elements of both types of surveys.   J.B. Swann, *Likelihood of Confusion,* in

3

TRADEMARK AND DECEPTIVE ADVERTISING SURVEYS (ABA, Diamond & Swann, eds. 2012) at 54.

"When marks *exist proximately in the market*, *Eveready* may not, *by itself*, be appropriate to test for

likelihood of confusion as to strong marks that are generally recognized, but not readily recalled."

Swann, 106 TRADEMARK REPORTER at 734 (emphasis original).   Moreover, as the Court has noted

on several of the *Daubert* motions in this case, "it is routine to admit a relevant survey; any technical

unreliability goes to weight, not admissibility." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d

1280, 1292 (9th Cir. 1992).   YETI's criticisms of Kirk Fair's methodology are proper topics for

cross-examination at trial.

## II.     "Double Blind" Survey Methodology

YETI next argues that Kirk Fair's opinions should be excluded because her survey

communicated to respondents that RTIC sponsored the survey. This runs afoul of the accepted

requirement that surveys for litigation be administered in a double-blind setting, where both the

interviewer and the respondent are blind to the sponsor of the survey and its purpose. Shari S.

Diamond, *Reference Guide on Survey Research*, in REFERENCE MANUAL ON SCIENTIFIC EVIDENCE

359, 410-11 (3d. ed. 2011). YETI argues that Kirk Fair showed respondents four RTIC web pages,

with significant references to RTIC, and asked questions about those web pages. YETI asserts that

Kirk Fair's focus on the web pages revealed RTIC as the sponsor of the survey and biased the survey

results.   RTIC responds that nowhere in Kirk Fair's questioning does she indicate who sponsored

the survey, and any claim that the respondents knew RTIC was the sponsor is pure speculation, and

YETI fails to offer any empirical data supporting its claim.  Additionally, RTIC contends that Kirk

Fair's use of RTIC's web site pages reflects best practices because RTIC's coolers are almost

exclusively sold through its website, and their use reflected actual marketplace conditions.

YETI has not presented any evidence that Kirk Fair revealed the sponsor of her survey to survey respondents and it failed to approximate marketplace conditions. *See Breuer Elec. Mfg. Co. v. Hoover Co.*, 1998 WL 427595, at *12 (N.D. Ill. July 23, 1998). The use of the RTIC's website with concomitant references to RTIC is not enough to render the study inadmissible.  YETI is free, of course, to explore this issue on cross-examination.

YETI's Opposed *Daubert* Motion to Exclude the Report and Opinion Testimony of Rebecca Kirk Fair (Dkt. No. 238) is **DENIED**.

SIGNED this 28th day of January, 2017.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE